IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKENYA K. MONFORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, plaintiff LaKenya K. Monfort respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Monfort is an individual and a resident of the State of Georgia. Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f). Equifax is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Lisa Stockard, at 1550 Peachtree Street, Atlanta, Georgia 30309.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and Local Rule 3.1B(1)(a).

## Factual Background

5. On or about January 31, 2020, Ms. Monfort applied to open a bank account at Security Federal Bank (the "Bank").

6. When reviewing Ms. Monfort's application, the Bank obtained a copy of Ms. Monfort's Equifax credit report.  Ms. Monfort's Equifax credit report was a "consumer report" as defined in 15 U.S.C. § 1681a(d).

7. Ms. Monfort's Equifax credit report stated that Ms. Monfort had no credit history whatsoever, including no credit accounts.

8. That information was inaccurate because Ms. Monfort has a lengthy credit history and at least ten (10) credit accounts, all of which should appear on her Equifax credit report.

9. Based on the inaccurate information contained in Ms. Monfort's January 31, 2020 Equifax credit report, the Bank denied Ms. Monfort's application and refused to allow her to open an account at the Bank.

10. After learning the reason why her application to open an account at the Bank was denied, Ms. Monfort promptly exercised her rights under 15 U.S.C. § 1681i(a), disputing the accuracy of the information in her Equifax credit report.

11. Specifically, by letter dated February 5, 2020 (the "Dispute Letter"), Ms. Monfort informed Equifax that she had a credit history, stated that she had "taken out loans in the past" and stated that she was in the process of "rebuilding" her credit.  She asked that the errors on her Equifax credit report be corrected and that Equifax provide her with an updated and corrected copy of her credit report when its reinvestigation was complete.

12. Enclosed with the Dispute Letter, Ms. Monfort included a copy of the Equifax credit report obtained by the Bank, which inaccurately reflected that she had no credit history and no credit accounts.

13. Equifax received Ms. Monfort's Dispute Letter on or about February 7, 2020.

14. On February 13, 2020, Equifax responded to Ms. Monfort's Dispute Letter.  In its response, Equifax stated "We have reviewed the identification information. The results are: Please be specific by listing account names, account numbers, and the nature of your dispute."  However, the credit report included with Equifax's response contained credit data regarding Ms. Monfort, including

information regarding her accounts with more than ten (10) of Ms. Monfort's creditors.

15. On the basis of the credit report that was included with Equifax's reinvestigation results, Ms. Monfort assumed the errors were corrected and that her credit history and credit accounts would be reported the next time a prospective creditor obtained her Equifax credit report.

16. On February 24, 2020, Ms. Monfort again went to Security Federal Bank to open a personal bank account.

17. When reviewing Ms. Monfort's application, the Bank again obtained a copy of her Equifax credit report. That credit report was also a "consumer report" as defined in 15 U.S.C. § 1681a(d).

18. Unfortunately, the Equifax credit report that the Bank obtained regarding Ms. Monfort on February 24, 2020 stated that she had no credit history and no credit accounts, which was inaccurate for reasons explained in Paragraph 8 above.

19. Based on the inaccurate information contained in Ms. Monfort's February 24, 2020 Equifax credit report, the Bank again denied Ms. Monfort's application and refused to allow her to open an account at the Bank.

20. As a proximate result of Equifax's actions alleged above, Ms. Monfort has suffered (i) economic damages, because her applications to open bank

accounts at the Bank were denied and (ii) emotional distress in the form of sleeplessness, anxiety, inability to focus, feelings of helplessness, humiliation and embarrassment.

Count 1 – Violation of 15 U.S.C. § 1681e(b)

21. Under 15 U.S.C. § 1681e(b), whenever a consumer reporting agency, like Equifax, prepares a consumer report, it is required to "follow reasonable procedures to assure maximum possible accuracy of the information about whom the report relates."

22. Equifax violated 15 U.S.C. § 1681e(b) by negligently, or in the alternative willfully, failing to follow reasonable procedures to assure maximum possible accuracy in the credit reports it prepared regarding Ms. Monfort and sold to the Bank, to wit: Despite having actual knowledge of Ms. Monfort's credit history and credit accounts and having that information in its credit file for Ms. Monfort, Equifax failed to include that information in the credit reports it prepared regarding Ms. Monfort and sold to the Bank on January 31, 2020 and on February 24, 2020. Instead, those reports inaccurately stated that Ms. Monfort had no credit history whatsoever and no credit accounts.

23. As a proximate result of Equifax's violations of 15 U.S.C. § 1681e(b), Ms. Monfort has suffered actual damages as alleged in Paragraph 20 above, in an

amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

24. In the alternative and as a result of Equifax's reckless and willful violation of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1)(A).

25. As a result of Equifax's reckless and willful violations of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

26. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

## Count 2 – Violation of 15 U.S.C. § 1681i(a)

27. Under 15 U.S.C. § 1681i(a), consumer reporting agencies, like Equifax, are required to conduct reasonable reinvestigations of consumer disputes, like the dispute contained in Ms. Monfort's Dispute Letter.

28. Equifax violated 15 U.S.C. § 1681i(a) by negligently, or in the alternative willfully, failing to conduct a reasonable reinvestigation of the dispute contained in Ms. Monfort's Dispute Letter, to wit: (i) Equifax failed to consider the inaccuracies described in Ms. Monfort's Dispute Letter; (ii) Equifax failed to

consider the documents that were enclosed with Ms. Monfort's Dispute Letter; (iii) Equifax falsely represented to Ms. Monfort that the inaccuracies were corrected by enclosing with its reinvestigation results a copy of her credit report that showed her credit history and accounts and (iv) Equifax failed to insure that the results of its reinvestigation were corrected in Ms. Monfort's file and do so in a way that would prevent the inaccurate information from again being incorporated into consumer reports regarding Ms. Monfort.

29. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 20 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

30. In the alternative and as a result of Equifax's reckless and willful violation of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1)(A).

31. As a result of Equifax's reckless and willful violations of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

32. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Monfort as consistent with the jury's verdict; and

4. Grant Ms. Monfort such other and further relief as it deems just and necessary.

This 17th day of September, 2020.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105<br><br>*Counsel for Plaintiff* |