# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LAKENYA K. MONFORT,<br><br>    Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant. | Civil Action No. 1:20-cv-03859-AT-CMS<br><br>Date Filed:  September 17, 2020 |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### Parties, Jurisdiction and Venue

**COMPLAINT ¶1:**

Ms. Monfort is an individual and a resident of the State of Georgia.  Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

**ANSWER:**

Admitted on information and belief.

- 1 -

**COMPLAINT ¶2:**

Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company.  Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).  Equifax is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Lisa Stockard, at 1550 Peachtree Street, Atlanta, Georgia 30309.

**ANSWER:**

Admitted.

**COMPLAINT ¶3:**

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

**ANSWER:**

Admitted.

**COMPLAINT ¶4:**

Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and Local Rule 3.1B(1)(a).

**ANSWER:**

Admitted.

## Factual Background

**COMPLAINT ¶5:**

On or about January 31, 2020, Ms. Monfort applied to open a bank account at Security Federal Bank (the "Bank").

66681620v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

**COMPLAINT ¶6:**

When reviewing Ms. Monfort's application, the Bank obtained a copy of
Ms. Monfort's Equifax credit report. Ms. Monfort's Equifax credit report was a
consumer report" as defined in 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

**COMPLAINT ¶7:**

Ms. Monfort's Equifax credit report stated that Ms. Monfort had no credit
history whatsoever, including no credit accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

**COMPLAINT ¶8:**

That information was inaccurate because Ms. Monfort has a lengthy credit
history and at least ten (10) credit accounts, all of which should appear on her
Equifax credit report.

**ANSWER:**

Equifax denies reporting inaccurate information regarding Plaintiff, but lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

66681620v.1

**COMPLAINT ¶9:**

Based on the inaccurate information contained in Ms. Monfort's January 31, 2020 Equifax credit report, the Bank denied Ms. Monfort's application and refused to allow her to open an account at the Bank.

**ANSWER:**

Equifax denies reporting inaccurate information regarding Plaintiff, but lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

**COMPLAINT ¶10:**

After learning the reason why her application to open an account at the Bank was denied, Ms. Monfort promptly exercised her rights under 15 U.S.C. § 1681i(a), disputing the accuracy of the information in her Equifax credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶11:**

Specifically, by letter dated February 5, 2020 (the "Dispute Letter"), Ms. Monfort informed Equifax that she had a credit history, stated that she had "taken out loans in the past" and stated that she was in the process of "rebuilding" her credit.  She asked that the errors on her Equifax credit report be corrected and that Equifax provide her with an updated and corrected copy of her credit report when its reinvestigation was complete.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

- 4 -

**COMPLAINT ¶12:**

Enclosed with the Dispute Letter, Ms. Monfort included a copy of the Equifax credit report obtained by the Bank, which inaccurately reflected that she had no credit history and no credit accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

Equifax received Ms. Monfort's Dispute Letter on or about February 7, 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶14:**

On February 13, 2020, Equifax responded to Ms. Monfort's Dispute Letter. In its response, Equifax stated "We have reviewed the identification information. The results are:  Please be specific by listing account names, account numbers, and the nature of your dispute."  However, the credit report included with Equifax's response contained credit data regarding Ms. Monfort, including information regarding her accounts with more than ten (10) of Ms. Monfort's creditors.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶15:**

On the basis of the credit report that was included with Equifax's reinvestigation results, Ms. Monfort assumed the errors were corrected and that her

66681620v.1

credit history and credit accounts would be reported the next time a prospective creditor obtained her Equifax credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶16:**

On February 24, 2020, Ms. Monfort again went to Security Federal Bank to open a personal bank account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶17:**

When reviewing Ms. Monfort's application, the Bank again obtained a copy of her Equifax credit report.  That credit report was also a "consumer report" as defined in 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**COMPLAINT ¶18:**

Unfortunately, the Equifax credit report that the Bank obtained regarding Ms. Monfort on February 24, 2020 stated that she had no credit history and no credit accounts, which was inaccurate for reasons explained in Paragraph 8 above.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

66681620v.1

**COMPLAINT ¶19:**

Based on the inaccurate information contained in Ms. Monfort's February 24, 2020 Equifax credit report, the Bank again denied Ms. Monfort's application and refused to allow her to open an account at the Bank.

**ANSWER:**

Equifax denies reporting inaccurate information regarding Plaintiff, but lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

**COMPLAINT ¶20:**

As a proximate result of Equifax's actions alleged above, Ms. Monfort has suffered (i) economic damages, because her applications to open bank accounts at the Bank were denied and (ii) emotional distress in the form of sleeplessness, anxiety, inability to focus, feelings of helplessness, humiliation and embarrassment.

**ANSWER:**

Denied.

## Count 1 – Violation of 15 U.S.C. § 1681e(b)

**COMPLAINT ¶21:**

Under 15 U.S.C. § 1681e(b), whenever a consumer reporting agency, like Equifax, prepares a consumer report, it is required to "follow reasonable procedures to assure maximum possible accuracy of the information about whom the report relates."

**ANSWER:**

Equifax admits that Plaintiff has quoted the FCRA, but denies that it has

violated the FCRA and denies any remaining allegations in this paragraph.

**COMPLAINT ¶22:**

Equifax violated 15 U.S.C. § 1681e(b) by negligently, or in the alternative willfully, failing to follow reasonable procedures to assure maximum possible accuracy in the credit reports it prepared regarding Ms. Monfort and sold to the Bank, to wit:  Despite having actual knowledge of Ms. Monfort's credit history and credit accounts and having that information in its credit file for Ms. Monfort, Equifax failed to include that information in the credit reports it prepared regarding Ms. Monfort and sold to the Bank on January 31, 2020 and on February 24, 2020. Instead, those reports inaccurately stated that Ms. Monfort had no credit history whatsoever and no credit accounts.

**ANSWER:**

Denied.

**COMPLAINT ¶23:**

As a proximate result of Equifax's violations of 15 U.S.C. § 1681e(b), Ms. Monfort has suffered actual damages as alleged in Paragraph 20 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

**ANSWER:**

Denied.

**COMPLAINT ¶24:**

In the alternative and as a result of Equifax's reckless and willful violation of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1)(A).

**ANSWER:**

Denied.

**COMPLAINT ¶25:**

As a result of Equifax's reckless and willful violations of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

66681620v.1

**ANSWER:**

Denied.

**COMPLAINT ¶26:**

Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

**ANSWER:**

Denied.

## Count 2 – Violation of 15 U.S.C. § 1681i(a)

**COMPLAINT ¶27:**

Under 15 U.S.C. § 1681i(a), consumer reporting agencies, like Equifax, are required to conduct reasonable reinvestigations of consumer disputes, like the dispute contained in Ms. Monfort's Dispute Letter.

**ANSWER:**

Equifax admits that the FCRA imposes certain reporting and investigation

requirements, but Equifax denies that it violated the FCRA. Equifax denies any

remaining allegations in this paragraph.

**COMPLAINT ¶28:**

Equifax violated 15 U.S.C. § 1681i(a) by negligently, or in the alternative willfully, failing to conduct a reasonable reinvestigation of the dispute contained in Ms. Monfort's Dispute Letter, to wit:  (i) Equifax failed to consider the inaccuracies described in Ms. Monfort's Dispute Letter; (ii) Equifax failed to consider the documents that were enclosed with Ms. Monfort's Dispute Letter; (iii) Equifax falsely represented to Ms. Monfort that the inaccuracies were corrected by enclosing with its reinvestigation results a copy of her credit report that showed her credit history and accounts and (iv) Equifax failed to insure that the results of its reinvestigation were corrected in Ms. Monfort's file and do so in a way that would

prevent the inaccurate information from again being incorporated into consumer reports regarding Ms. Monfort.

**ANSWER:**

Denied.

**COMPLAINT ¶29:**

As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 20 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681 o (a) (1).

**ANSWER:**

Denied.

**COMPLAINT ¶30:**

In the alternative and as a result of Equifax's reckless and willful violation of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1)(A).

**ANSWER:**

Denied.

**COMPLAINT ¶31:**

As a result of Equifax's reckless and willful violations of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

**ANSWER:**

Denied.

**COMPLAINT ¶32:**

Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

- 10 -

**ANSWER:**

Denied.

**PRAYER FOR RELIEF:**

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1.      Issue process to Defendant;

2.      Conduct a trial by jury of all claims asserted herein;

3.      Enter judgment in favor of Ms. Monfort as consistent with the jury's verdict; and

4.      Grant Ms. Monfort such other and further relief as it deems just and necessary.

**ANSWER:**

Equifax admits that Plaintiff demands a trial by jury and seeks judgment in her favor and equitable relief, but denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

Respectfully submitted this 17th day of November 2020.

> *s/ Kearstin Harumi Sale*
> Kearstin Harumi Sale (GA Bar No. 650510)
> Esther Slater McDonald (GA Bar No. 649005)
> SEYFARTH SHAW LLP
> 1075 Peachtree Street, N.E.
> Suite 2500

- 11 -

66681620v.1

Atlanta, GA 30309-3958
ksale@seyfarth.com; emcdonald@seyfarth.com
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
*Attorneys for Defendant*
*Equifax Information Services LLC*

66681620v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LAKENYA K. MONFORT,

     Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES,
LLC,

     Defendant.

Civil Action No. 1:20-cv-03859-AT-
CMS

Date Filed:  September 17, 2020

## CERTIFICATE OF SERVICE

I certify that on November 17, 2020 I filed the foregoing DEFENDANT

EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO COMPLAINT

AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of Court using the

CM/ECF system, which will send e-mail notification of such filing to all attorneys

of record.

        */s/ Kearstin Harumi Sale*
        Kearstin Harumi Sale
        Counsel for Defendant
        Equifax Information Services LLC

66681620v.1